UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shamara L. McIntosh-White,<br>Plaintiff,<br><br>v.<br><br>Surgical Management Solutions, LLC,<br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of racial discrimination and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about September 25, 2023.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Shamara L. McIntosh-White, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Surgical Management Solutions, LLC, upon information and belief, upon information and belief, is a foreign corporation organized in the state of Delaware, operating under the laws of South Carolina, doing business in the County of Charleston, State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or around January 11, 2021, the Plaintiff, an African American, began working for the Defendant as a Senior Customer Care Advocate. At all times, the Plaintiff was efficient and effective in her job.

11. Beginning on or around September 9, 2021, Plaintiff reported to her Supervisor, Lisa Souris, racial comments by a co-worker, Natalie, during a team meeting. Natalie made comments such as, "Black women are best at cooking, Mexican women are best at cleaning." Ms. Souris told Plaintiff that they know about Natalie, that it is an ongoing issue, and that there was racism in the company.

12. On or about October 13, 2021, Plaintiff went to Human Resources, Nashanta Harrison, to complain about Natalie, since management did not do anything. Ms. Harrison told the Plaintiff that an investigation would be completed.

13. On or about November 8, 2021, the Plaintiff applied for an open Supervisor position.

14. On or about November 17, 2021, the Plaintiff was told that she did not receive the position. The Plaintiff was passed over by two Caucasian co-workers that Plaintiff trained and that had less experience than Plaintiff.

15. On or about November 20, 2021, Plaintiff had a meeting with Human Resources and her supervisor, and she was told that she should not have gone to Human Resources with complaints about Natalie.

16. In or around March 2022, Plaintiff received a near perfect review. Plaintiff then again brought up her lack of promotion and the promotion of white co-workers with less experience and qualifications.

17. The Plaintiff saw a noted increase in retaliation from the management.

18. On or about May 9, 2022, Plaintiff was constructively discharged for her reports of discrimination.

19. Defendant retaliated against Plaintiff for reporting the discriminatory acts by passing over Plaintiff, while less qualified co-workers received the position the Plaintiff applied for and failed

to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment.

20. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination/ Failure to Promote - Title VII

21. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22. Plaintiff is a member of a protected group on the basis of her race.

23. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote the Plaintiff in favor of a less qualified Caucasian employee;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff;

   c. In demonstrating a pattern of discriminatory treatment toward African American employees by not promoting those who were in a protected class; and

   d. In other particulars which discovery may show.

24. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq*.) and the Equal Employment Opportunity Act.

25. The Defendant violated Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.)* and the Equal Employment Opportunity Act by allowing racial discrimination and preferential treatment to exist in the workplace.

26. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and civil damages.

## FOR A SECOND CAUSE OF ACTION
### Retaliation – Title VII

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

29. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

30. That shortly after making said complaints, the Defendant constructively discharged the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

31. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

32. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been terminated.

33. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

34. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

35. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

36. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

37. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

38. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
**Constructive Discharge**

39. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

41. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

42. Plaintiff's conditions of employment were objectively intolerable, and a reasonable person would not and could not reasonably be expected to tolerate the conditions then and there prevailing.

43. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**REQUEST FOR RELIEF**

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

46. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.       Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Michael A. Brooks*
Michael A. Brooks (Fed. I.D. #14005
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
December 21, 2023